UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
IN RE OXFORD HEALTH PLANS, INC.    :    MDL Dkt. No. 1222 (CS)
SECURITIES LITIGATION              :
------------------------------------------------------------x

## ORDER RE: SECOND DISTRIBUTION OF CLASS SETTLEMENT FUNDS

**WHEREAS**, on June 12, 2003, the Honorable Charles L. Brieant entered an Order and Final Judgment with Respect to Oxford and the Individual Defendants and an Order and Final Judgment with Respect to KPMG LLP, approving the terms of the Stipulations and Agreements of Settlement dated April 14, 2003 (the "Stipulations") in the above-referenced class action;

**WHEREAS**, on September 10, 2004, Honorable Charles L. Brieant entered an Order Re: Distribution of Class Settlement Funds; pursuant to which the Net Settlement Funds were distributed to Class Members whose Proofs of Claim were accepted (the "Authorized Claimants");

**WHEREAS**, over four years have passed since the initial distribution of the Net Settlement Funds to the Authorized Claimants, and there is a balance of over $8.5 million remaining unclaimed in the Settlement Funds from un-cashed distributions and other returned funds;

**WHEREAS**, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlements and the processing of Proofs of Claim and the distribution of the Net Settlement Funds to the Authorized Claimants;

**WHEREAS,** the initial distribution made to Class Members who submitted acceptable Proofs of Claim ("Authorized Claimants") resulted in a distribution of 14,575 checks to Authorized Claimants in the aggregate amount of $210,200,000.58;

**WHEREAS**, subsequent to the initial distribution of the Settlement Funds, eighteen (18) Class Members, whose Proofs of Claim were originally rejected in whole or in part, have submitted additional information correcting or completing their Proofs of Claim that would have made them eligible for payment had they been timely submitted (the "Late Adjusted Claims");

**WHEREAS**, subsequent to the initial distribution of the Settlement fund, twelve (12) Class Members, submitted new Proofs of Claim that would have made them eligible for payment had they been timely submitted prior to September 10, 2004 (the "Late Submitted Claims"); and

**WHEREAS**, the Plan of Allocation and the September 10, 2004 Order Re: Distribution of Class Settlement Funds, provided that any funds remaining unclaimed in the Net Settlement Funds would be re-distributed to Authorized Claimants who cashed their distributions and who would receive at least $10.00 on a pro-rata distribution of the unclaimed residue, and "that no claim submitted after August 6, 2004 may be accepted for any reason whatsoever";

**NOW, THEREFORE**, having considered (i) the Affidavit of Stephen J. Cirami of The Garden City Group, Inc., the Claims Administrator, dated May 13, 2009 (ii) Lead Plaintiffs' Memorandum of Law, (iii) all prior proceedings herein, and after due deliberation, it is hereby

**ORDERED**, that the administrative determinations of the Claims Administrator accepting the Late Adjusted Claims as indicated on Exhibit A as submitted with the Affidavit of Stephen J. Cirami, be and the same hereby are approved, and said claims are hereby accepted to be distributed in proportion to the Recognized Claim allocable to each such eligible claimant as shown on such printout, and it is further

**ORDERED**, that the Late Submitted Claims of the Class Members who failed to submit new Proofs of Claim that would have made them eligible for payment had they been timely submitted prior to September 10, 2004 are not approved, said claims are hereby rejected, and no distribution from the Net Settlement Fund will be allocated to the Late Submitted Claims, and it is further

**ORDERED**, that The Garden City Group, Inc., be paid the sum of $186,062.52 from the Settlement Funds for the balance of its fees and expenses incurred and to be incurred in connection with the services performed and to be performed in connection with the management of the Settlement Funds since the initial distribution, preparing tax returns for the Settlement Funds, processing the late adjusted Proofs of Claim, and administering and re-distributing the remaining Settlement Funds as directed hereunder; and it is further

**ORDERED**, that the balance of the Settlement Funds after deducting the payments previously allowed and set forth herein (the "Net Residual Settlement Funds") shall be re-distributed to the Authorized Claimants in proportion to the Recognized Claim allocable to each such Authorized Claimant, re-distribution shall be made to Authorized Claimants who cashed their initial distributions, provided they will receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Residual Settlement Funds for such re-distribution.  If any funds remain unclaimed six months after re-distribution of the Net Residual Settlement Funds, then such balance shall be contributed to the New York Bar Foundation; and it is further

**ORDERED**, that the Court finds that the administration of the Settlements and the proposed distribution of the Net Residual Settlement Funds comply with the terms of the Stipulations and the Plans of Allocation approved by this Court and that all persons involved in

the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Funds, Net Settlements Funds, or the Net Residual Settlement Funds are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Residual Settlement Funds are barred from making any further claim against the Net Residual Settlement Funds or the released persons beyond the amount allocated to them pursuant to this Order, and it is further

**ORDERED**, that this Order shall be stayed, and no re-distribution of the Settlement Funds shall be made, until the later of (a) thirty-five days following entry of this Order, if no appeal is taken herefrom, or (b) if an appeal is taken from this Order, thirty-five days following issuance of the mandate of the Court of Appeals for the Second Circuit, and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action.

Dated: ~~May~~ 6/3, 2009

BY THE COURT:

*Cathy Seibel*
The Honorable Cathy Seibel
United States District Judge

4