# MANDATE

09-2718-cv
*Janus Capital Mgmt. LLC v. Howard Vogel Retirement Plan, et al.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/2010

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1  At a stated term of the United States Court of Appeals for the Second Circuit, held at the
2  Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
3  on the 30th day of June, two thousand ten.
4
5  PRESENT:
6
7      RALPH K. WINTER,
8      JOSEPH M. McLAUGHLIN,
9      DEBRA ANN LIVINGSTON,
10                       *Circuit Judges.*
11 _____
12
13 IN RE: OXFORD HEALTH PLANS, INC.:
14
15 JANUS CAPITAL MANAGEMENT LLC,
16
17                *Claimant-Appellant,*
18     v.                                                        (09-2718-cv)
19
20 HOWARD VOGEL RETIREMENT PLAN, PBHG GROWTH II PORTFOLIO, PBHG LARGE
21 CAP GROWTH PORTFOLIO, PBHG SELECT 20 PORTFOLIO, PBHG LARGE CAP GROWTH
22 FUND, PBHG LARGE CAP 20 FUND, PUBLIC EMPLOYEES RETIREMENT ASSOCIATION
23 OF COLORADO,
24
25                *Lead Plaintiffs,*
26
27 METRO SERVICES, INC., et al.,
28
29                *Plaintiffs,*

MANDATE ISSUED ON 08/11/2010

OXFORD HEALTH PLANS, INC., STEPHEN F. WIGGINS, WILLIAM M. SULLIVAN, JEFFREY H. BOYD, ANDREW B. CASSIDY, ROBERT M. SMOLER, DAVID A FINKEL, BRENDAN R. SHANAHAN, ROBERT B. MILLIGAN, JR., JAMES B. ADAMSON, FRED F. NAZEM, THOMAS A SCULLY, BENJAMIN M. SAFERSTEIN, JOHN P. DRISCOLL, DAVID B. SNOW, JR., JAY L. SILVERSTEIN, THOMAS TRAVERS, MARCIA J. RADOSEVICH, PAUL RICKER, JEANNE WISNIEWSKI, KEVIN R. HILL, FRANK MEDICI, ALAN SOKOLOW, ALFRED L. KOPIT, KPMG PEAT MARWICK LLP,

*Defendants.*

FOR CLAIMANT-APPELLANT:   MARSHALL R. KING, Gibson Dunn & Crutcher LLP, New York, NY; Mark A. Perry, Gibson Dunn & Crutcher LLP, Washington, D.C., *of counsel.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be AFFIRMED.

Claimant-Appellant Janus Capital Management LLC ("Janus") appeals from a June 3, 2009 order of the United States District Court for the Southern District of New York (Seibel, *J.*) allowing a distribution of certain funds from a class action settlement fund but, in relevant part, declining to approve the distribution of funds to parties, like Janus, whose claims were untimely filed.[1] The district court had previously rejected all so-called "late-submitted claims" to the settlement in an oral decision on May 7, 2009. Janus contends on appeal that the district court's decision to exclude Janus's claim from the distribution constituted an abuse of discretion. We assume familiarity with the remaining facts and procedural history of the case and with the issues presented for review.

"[A] district court overseeing [a] settlement distribution has inherent power to accept late

---

[1] Pursuant to this Court's order of March 8, 2010, granting Lead Plaintiffs' motion to remove their designation as appellees, there are no appellees in this appeal. *See* Order, Mar. 8, 2010 (No. 09-2718-cv).

claims despite [the] contrary terms of [an] agreement" among the parties. *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987) (describing the holding of *Zients v. LaMorte*, 459 F.2d 628 (2d Cir. 1972)), *superseded in part by statute as noted in SEC v. TheStreet.com*, 273 F.3d 222, 233 n.11 (2d Cir. 2001). Pursuant to *Zients*, a district court entertaining a late-submitted claim to a settlement should examine the equities to determine whether to allow the claim. *See Zients*, 459 F.2d at 630-31. In the analogous context of determining whether a party has shown "excusable neglect" of a deadline under an applicable federal rule, district courts make a similar "equitable" determination, "taking account of all relevant circumstances surrounding the party's" failure to act in a timely manner. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395 (1993). The factors a district court should consider include:

> the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* In balancing the equities pursuant to *Zients*, it was proper for the district court in this case to look to the *Pioneer* factors. *See, e.g., In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 844 (E.D.N.Y. 1995).

We have recognized in the past that, while there is "an institutionalized but limited flexibility at the margin with respect to rights lost because they have been slept on," the legal system relies on deadlines to function, and that "every missed deadline" should not become "the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 367-68 (2d Cir. 2003). Therefore, we take a "hard line" when applying the *Pioneer* factors, and, because in the ordinary case there will be little prejudice or disruption caused by allowing a late-submitted claim, we focus our analysis on the

3

asserted reason for the claimant's delay, "including whether it was within the reasonable control of the [claimant]." *In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005) (internal quotation marks omitted). We review the district court's decision to allow or disallow a late-submitted claim for abuse of discretion. *See, e.g., id.* at 124 (reviewing for abuse of discretion bankruptcy court's application of the *Pioneer* factors); *cf. Manhattan-Ward, Inc. v. Grinnell Corp.*, 490 F.2d 1183, 1186 (2d Cir. 1974) (per curiam) (reviewing for abuse of discretion district court's grant of a motion for extension of time under Fed. R. Civ. P. 6(b)).

We conclude that the district court did not abuse its discretion in declining to allow Janus's late-submitted claim. First, the district court did not, as Janus asserts, commit legal error by considering itself inextricably bound to apply the court's earlier deadline for the filing of claims. Indeed, not only did the court discuss the application of the *Pioneer* factors, the court expressly stated that it had "the power to vary the terms of a settlement agreement for equitable considerations" and, in considering late-filed claims, that it "need[ed] to consider the excusable neglect standard . . . ." May 7, 2009 Hg. Tr. at 17. The district court's discussion of the importance of the prior deadline was, as discussed above, entirely proper.

We also find no abuse of discretion in the district court's weighing of the *Pioneer* factors. It was entirely within Janus's "reasonable control" to file a timely claim with respect to its holdings in the Berger funds. *Enron*, 419 F.3d at 122. Janus's agent, State Street Bank and Trust Co. ("State Street"), became custodian of the Berger funds in 2001, Sanders Decl. ¶ 16, and Janus provides no explanation why, following this event, State Street did not seek to standardize the trading records of the Berger funds with its own accounting system. Moreover, Janus concedes that State Street held all the information regarding the Berger funds' trading records on microfiche at the time the

4

1  settlement was announced, and therefore could have discovered the Berger funds' holdings in Oxford
2  Health Plans securities in time to file a claim. *Id.* ¶ 19. Finally, the district court did not clearly err
3  in concluding that allowing late-submitted claims would cause at least some prejudice to claimants
4  who had timely filed by diminishing those claimants' pro rata share of the settlement funds. *See* May
5  7, 2009 Hg. Tr. at 18.
6        We have considered Janus's remaining arguments and we conclude that they are without
7  merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.
8        FOR THE COURT:
9        Catherine O'Hagan Wolfe, Clerk
10

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit